**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-0790-PGB-DCI**

**MARRIOTT VACATIONS WORLDWIDE CORPORATION and MARRIOTT OWNERSHIP RESORTS, INC.,**

**Defendants.**
_____________________________/

**CONSENT DECREE**

This cause is before the Court on the parties' Joint Motion for Approval of Consent Decree. (Doc. 28 (the "**Joint Motion**")). Therein, the parties jointly move for the Court to enter a Consent Decree (Doc. 28-1)[1] resolving this action. The Joint Motion is hereby **GRANTED**. It is therefore **ORDERED AND ADJUDGED** as follows:

This Consent Decree ("**Decree**") is made and entered into by and between the United States Equal Employment Opportunity Commission (the "**EEOC**"), and Defendants Marriott Vacations Worldwide Corporation ("**MVWC**") and Marriott

[1] The parties' signatures indicating their agreement to the Consent Decree appear on page 16 of Docket Entry 28-1.

Ownership Resorts, Inc. (“**MORI**”) (collectively, “**Defendants**”). The EEOC and Defendants will be referred to together as the “**Parties**.”

## INTRODUCTION

1. The EEOC commenced this action on May 5, 2025, under Title VII of the Civil Rights Act of 1964 (“**Title VII**”), as amended, 42 U.S.C. §§ 2000e to 2000e-17, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, alleging unlawful employment practices on the basis of religion and seeking appropriate relief to Charging Party Fadra James-Miles (“**Charging Party**”) who was adversely affected by the alleged practices.

2. The agreement to enter into this Decree, including, but not limited to, the injunctive provisions in Paragraphs 26 and 27, shall not be construed as an admission of liability by Defendants as to any allegations by the EEOC, which Defendants deny.

3. In the interest of resolving this matter, and to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.

4. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. This Decree fully and finally resolves the claims asserted by the EEOC in the Complaint filed in this action styled *U.S. Equal Employment Opportunity Commission vs. Marriott Vacations Worldwide Corp., et al.*, Case No. 6:25-cv-00790-PGB-DCI (M.D. Fla.) (the "**Lawsuit**"), and the underlying EEOC charge of discrimination, *Fadra Miles v. Marriott Vacations Worldwide,* Charge No. 15D-2023-00936 (the "**Charge**").

6. This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8. This Decree does not resolve any charges of discrimination that may be pending with the EEOC against Defendants other than the Charge referred to in Paragraph 5. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against Defendants in accordance with standard EEOC procedures.

9. Nothing in this Decree shall be construed to limit or reduce Defendants' obligations to comply with the statutes enforced by the EEOC, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

## FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a. This Court has jurisdiction over the subject matter of this action and the Parties;

b. The Court will retain jurisdiction for the duration of this Decree;

c. No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

d. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Charging Party and the public interest are adequately protected by this Decree; and

e. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, heirs, and assigns of Defendants.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## DURATION OF DECREE

11. This Decree shall be in effect for a period of three (3) years after the Decree is entered by the Court (the "**Effective Date**").

12. The three (3) year term of this Decree will be tolled while any enforcement action concerning this Decree is pending.

**MONETARY RELIEF**

13. Defendant MORI shall pay monetary damages totaling $175,000 (one hundred seventy-five thousand dollars) to Charging Party. This $175,000 shall be the full and final amount Defendants pay to settle the claims brought by the EEOC, and will be distributed as follows:

| **Back Pay [for which an IRS Form W-2 shall issue]** | **Compensatory Damages [for which an IRS Form 1099 shall issue]** |
|---|---|
| $87,500 | $87,500 |

14. Payment shall be made within thirty (30) calendar days following the Effective Date. If the thirtieth day is Saturday, Sunday, or a bank holiday, the payment shall be made the next business day.

15. MORI will issue an I.R.S. Form W-2 to Charging Party for the amount of back pay and an I.R.S. Form 1099 to Charging Party for the remainder. MORI will make all applicable withholdings from the back pay award for federal, state, and local income taxes and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("**FICA**") and provide a statement to Charging Party detailing all legal withholdings made. MORI will be responsible for paying the employer's share of any costs, taxes, or Social Security required by law to be paid. Notwithstanding MORI's obligation to withhold income taxes from the

portion of the payment reported on an I.R.S. Form W-2, Charging Party shall have ultimate responsibility for paying her portion of any income taxes due on the payments reported on the I.RS. Form W-2 and I.R.S. Form 1099.

16. Checks shall be made payable to Fadra James-Miles and be delivered via hand-delivery or certified mail to Charging Party at the address to be provided by the EEOC.

17. Copies of the payments shall be sent to mdoconsentdecreecompliance@eeoc.gov.

18. If MORI fails to timely deliver the payments as described in Paragraphs 13-17 above, then MORI shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this decree in federal court.

**THE EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X**

19. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

20. MORI's EIN number is: 52-1320904.

21. The individual(s) to whom the EEOC should mail a copy of the form 1098-F to if the EEOC is required to issue one is: David D. Marshall, Vice President and Senior Counsel, Marriott Vacations Worldwide, 7812 Palm Parkway, Orlando, FL 32836.

22. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for a deduction under the Internal Revenue Code.

23. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

24. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

25. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**GENERAL INJUNCTIVE PROVISIONS**

26. Defendants, and all of their officers, managers, employees, agents, partners, successors, and assigns, are enjoined from revoking a religious accommodation provided to any applicant for employment by Defendants at, or an employee of Defendants assigned to, a Sheraton Vacation Club property in Florida; to-wit: Sheraton Vistana Resort, Lake Buena Vista/Orlando (“**Sheraton Vistana Resort**”), Sheraton Vistana Villages, I-Drive/Orlando, and Sheraton

PGA Vacation Resort (each, an "**SVC Florida Property**" and, collectively, the "**SVC Florida Properties**") unless the accommodation imposes an undue hardship on Defendants.

27. Defendants, and all of their officers, managers, employees, agents, partners, successors, and assigns, are enjoined from retaliating against any applicant for employment by Defendants at, or an employee of Defendants assigned to, the SVC Florida Properties because such individual requested a reasonable accommodation under Title VII.

## MAINTENANCE, REVISION, AND DISTRIBUTION OF POLICY AGAINST DISCRIMINATION BASED ON RELIGION

28. Defendants will continue to maintain a written anti-discrimination policy consistent with this Decree to be used for all of Defendants' employees employed at the SVC Florida Properties.

29. Defendants will continue to maintain their current anti-discrimination employment policies and associated forms, including, but not limited to, the anti-discrimination policies found in their Associate Handbook and the forms for requesting reasonable accommodations (together, the "**Policy**"), for the entire term of this Decree. In addition, Defendants shall add to or modify the Policy within sixty (60) days of the Effective Date to conform with the following provisions:

a. Employees may make a request for a religious accommodation to their direct manager verbally or in writing (text or email shall be an acceptable writing);

b. A manager who receives a religious accommodation request from an employee must provide the requesting employee, in writing, the contact information for the Associate Service Center and inform the employee that they must submit their religious accommodation request to the Associate Service Center in writing (email or submission through Defendants' intranet or HRIS shall be an acceptable "**writing**"); and

c. A manager who receives a religious accommodation request from an employee must inform Human Resources of the request.

30. Defendants' Policy shall be distributed electronically through Defendants' intranet and/or HRIS to all current and future employees employed at any SVC Florida Property during the term of this Decree.

**TRAINING**

31. On an annual basis, Defendants shall provide two hours of live training to any manager that supervises employees in the Sales Department at the Sheraton Vistana Resort and any Human Resources employees (below the Vice President level) who are responsible for managing/ advising employees in the Sales Department at the Sheraton Vistana Resort.

32. The first training described in Paragraph 31 shall be conducted within three (3) months of the Effective Date, and the remaining trainings shall take place annually thereafter.

33. The training described in Paragraph 31 may be provided in-person or remotely via a live webinar.

34. The training described in Paragraph 31 shall also be completed by any manager that supervises employees in the Sales Department at the Sheraton Vistana Resort and any Human Resources employee (below the Vice President level) who are responsible for managing/advising employees in the Sales Department at the Sheraton Vistana Resort who is hired during the term of this Decree but after the initial or annual training, as applicable, has been conducted.

35. The training described in Paragraph 31 shall include, at a minimum, training regarding (1) Title VII, and the prohibition against discrimination, specifically including religious discrimination; (2) the standard for evaluating whether a requested accommodation would result in an "undue hardship" on the employer, including that an undue hardship exists only if the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of Defendants' particular business; (3) the Policy for receiving, evaluating, and/ or revoking religious accommodation requests; and (4) how to prevent and remedy retaliation.

36. Any current training or onboarding training that is provided Defendants' employees in the Sales Department at the Sheraton Vistana Resort (who are not covered in Paragraph 31) shall include a description of Defendants' Policy regarding religious accommodation requests.

37. The training described in Paragraph 31 shall be conducted by a subject matter expert approved by the EEOC.

38. Fourteen (14) days prior to any trainings required by the Decree, Defendants shall provide the EEOC with the name, contact information, and resume of the subject matter expert that will be conducting Defendants' live training. The EEOC shall confirm approval or disapproval of the subject matter expert within seven (7) days.

39. In the event that the EEOC disapproves the subject matter expert, Defendants shall have seven (7) days to provide the EEOC with the name, contact information, and resume of an alternative subject matter expert that will be conducting Defendants' live training, and the EEOC shall confirm approval or disapproval of the subject matter expert within seven (7) days. The time period for Defendants to provide the training described in Paragraph 31 shall be extended by fourteen (14) days for each instance of disapproval of Defendants' proposed subject matter expert.

**DISTRIBUTION OF NOTICE**

40. Within ten (10) calendar days from the Court's approval of this Decree, Defendants shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit A to Docket Entry 28-1 at the SVC Florida Properties. The Notice shall remain posted for the period this Decree is effective. Defendants shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

41. At the first reporting period, Defendants shall certify to EEOC in writing that the Notice has been properly physically posted as described in this

section, and Defendants must also take a photograph of the Notice and its posted location. Defendants shall email the certification of the Notice's posting and photographs to mdoconsentdecreecompliance@eeoc.gov.

**REPORTING**

42. Defendants shall furnish to the EEOC a written Report once annually for the duration of this Decree. The first report shall be due six (6) months after entry of the Decree, and thereafter by the end of April annually. A final report will be provided thirty (30) days before the Decree expires. Each such Report shall contain the following provisions, as applicable:

a. A certification that Defendants conducted all training required in Paragraphs 31-36 above;

b. A certification that Defendants have made and/or maintained the posting and distributions required in Paragraphs 40 -41 above; and

c. A description of all religious accommodation requests made by Defendants' employees at the SVC Florida Properties since the Effective Date of this Decree, including a description of the request, whether the request was granted or denied, and, if the request was denied, an explanation of why the request was denied.

43. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to the EEOC shall be emailed to mdoconsentdecreecompliance@eeoc.gov.

## COMMUNICATIONS BETWEEN THE PARTIES

44. Unless stated otherwise herein, Defendants shall contact EEOC's Regional Attorney for the Miami District, Kristen Foslid, regarding any notices or approvals required by the Decree.

45. Unless stated otherwise herein, the EEOC shall contact MVWC's SVP and Associate General Counsel, Mark Nagle, at mvwsop@mvwc.com regarding any notices or approvals required by the Decree.

## NOTIFICATION OF SUCCESSORS

46. Defendants shall provide prior written notice to any potential purchaser of its business and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DISPUTE RESOLUTION

47. The EEOC may review compliance with this Decree at any time during its duration.

48. In the event that the EEOC reasonably believes that Defendants have failed to comply with any provision(s) of the Decree, the EEOC will provide Defendants c/o Mark Nagle, SVP & Associate General Counsel, at mark.nagle@mvwc.com, with notice and a description of the alleged breach, and Defendants must make a good faith attempt to cure any breach of the Decree within fifteen (15) days of notification. The Parties may jointly agree to extend the fifteen (15) day cure period. The fifteen (15) days to cure provision of this

Paragraph shall not apply, however, to the payment required by Paragraph 13 above.

49. Following the fifteen (15) day cure period, if the EEOC reasonably believes any alleged breach has not been cured, the EEOC shall have the right to enforce the Decree and/or remedy any alleged breach in this Court.

50. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge the EEOC's authority to bring an action to enforce the terms of the Decree in this Court.

**NO CONDITIONAL RECEIPT**

51. Defendants will not condition the receipt of individual relief set forth in this Decree on Charging Party's agreement to (a) maintain as confidential the terms of this Consent Decree or the facts of this case, or (b) waive her statutory right to file a charge of discrimination with any federal or state anti-discrimination agency, or (c) promise not to reapply in the future for a position, directly or indirectly, with Defendants.

**FEES AND COSTS**

52. Each party to this Decree shall bear its own attorney's fees and costs associated with this litigation.

As a result of the foregoing, the Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on December 10, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties